CROSSETT WESTERN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3054. Promulgated February 13, 1945.

*Carl E. Davidson, Esq.,* for the petitioner.
*Wilford H. Payne, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The sole question for our determination is whether, in computing the petitioner's equity invested capital for 1940 and 1941, there must be deducted, under section 718 (b) (3) of the Internal Revenue Code, the amount of the earnings and profits of other corporations which the petitioner received in a tax-free reorganization, where because of operating losses in the intervening years the taxpayer had no accumulated earnings and profits at the beginning of either of the taxable years in question.

The facts are not in dispute. The petitioner was organized to take over the assets of three transferor corporations. These assets, for which the petitioner issued its capital stock, had a net value at the time of the reorganization of $3,644,389.48, which value was used by respondent as the adjusted basis of the assets in his computations. Included in this amount was the sum of $923,180.51 representing the accumulated earnings and profits of the transferor corporations which, under the rule of *Commissioner* v. *Sansome*, *supra*, became earnings and profits of the petitioner for tax purposes.

In the years subsequent to the reorganization, the petitioner suffered operating losses and it had no accumulated earnings and profits at the beginning of either of the taxable years here in question.

The controversy between the parties centers about the application of section 718 (b) (3), which section was enacted as a part of the Second Revenue Act of 1940.

The petitioner contends that the committee reports show the true purpose of the section to be to avoid a duplicate inclusion of the earnings and profits so transferred; that in the instant case there is no duplication, since the petitioner had no accumulated earnings and profits at the beginning of either of the taxable years involved; and that consequently no amount should be deducted under section 718 (b) (3).

The respondent contends that resort may not be had to the committee reports for construction of the statute; that, standing by itself, the staute is clear and unambiguous; and that if any ambiguity exists it is caused by reference to the reports. He contends that the statute is mandatory in requiring the deduction of the earnings and profits of another corporation "which previously at any time" were included in the petitioner's accumulated earnings and profits and that, since the earnings and profits of the transferor corporations were "included" in the petitioner's earnings and profits at the time of the reor-

ganization, the requirements of the statute have been fulfilled and the deduction must be made.

We have concluded that the respondent should be sustained. Section 718 is a directive measure, specifically indicating which items shall be included in, and which excluded from, equity invested capital. It provides, with appropriate definitions and limitations, that equity invested capital shall be the sum of: The money paid in; property paid in; distributions in stock; accumulated earnings and profits as of the beginning of the year; and any income on account of gain on tax-free liquidation—reduced by distributions not made out of accumulated earnings and profits; earnings and profits of another corporation; and loss on account of tax-free liquidation. The specific subsection of section 718 here in question is (b) (3) which, as far as pertinent, reads as follows:

(b) REDUCTION IN EQUITY INVESTED CAPITAL.—The amount by which the equity invested capital for any day shall be reduced as provided in subsection (a) shall be the sum of the following amounts—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) EARNINGS AND PROFITS OF ANOTHER CORPORATION.—The earnings and profits of another corporation which previously at any time were included in accumulated earnings and profits by reason of a transaction described in section 112 (b) to (e), both inclusive, or in the corresponding provision of a price, revenue law, \* \* \*

The quoted language is clear and unambiguous. If the earnings and profits of another corporation were at any time previously included in the accumulated earnings and profits of the taxpayer by reason of a nontaxable reorganization under section 112 (b) to (e) both inclusive, then the aggregate of the items listed in section 718 (a) shall be reduced by the amount of such earnings and profits.

It is stipulated that as a result of a nontaxable reorganization the taxpayer took over the assets of other corporations, including accumulated earnings and profits, and under the rule of *Commissioner* v. *Sansome, supra,* these earnings and profits became taxpayer's earnings and profits. It seems too clear to require demonstration that petitioner taxpayer fits precisely in the statutory picture. The words "previously" and "at any time" require no definition if they are accorded their everyday meaning. Petitioner, in effect, asks us to delete these words. This can not be done. Clearly the taxpayer comes within the ambit of section 718 (b) (3). Any other interpretation would be a distortion of the statutory language.

Petitioner's insistence that the Congressional reports demonstrate that Congress intended, in enacting section 718 (b) (3), to prevent duplication of assets and that, since it had no accumulated earnings and profits at the beginning of the year, there is no duplication calling for the application to it of section (b) (3), can not be entertained.

In short, the taxpayer asks to be exempted from the application of the cited section. While resort may be had in some circumstances to the legislative history to find the Congressional intent, when Congress has spoken in clear and unambiguous language the normal and reasonable meaning of an act is not to be argued to one side in favor of a construction made possible only by the distortion or disregard of such plain language. Here we find no support for petitioner's argument in the law or in the facts. The language used in the act is so plain as to be impossible of misconstruction and to admit of no farfetched interpretation or distortion. The respondent has followed the statute explicitly. While it is true that petitioner had no accumulated earnings and profits in the taxable years, the statute makes no exception to cover such a case. There is no suggestion that the deduction depends on the fact or the amount of the taxpayer's earnings and profits in the taxable year. This is a case where, of a certainty, nothing should be added to, nor substituted for, the plain and obvious meaning of the statute by a forced construction.

We sustain the action of the respondent.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

SMITH and DISNEY, *JJ.*, concur only in the result.

———

MURDOCK, *J.*, concurring: Equity invested capital, as defined in the statute, includes property paid in for stock. That property goes into the computation under certain circumstances at its unadjusted basis for determining loss. See sec. 718 (a) (1) and (2), I. R. C. Properties of the transferor were paid in for the stock of the petitioner. There was no gain or loss recognized on that transfer. The amount to be included in equity invested capital as property paid in for stock is the unadjusted basis of the transferred property in the hands of the transferor corporations. Equity invested capital also includes accumulated earnings and profits of a taxpayer as of the beginning of the year. The earnings and profits of the transferors, under the principle of the *Sansome* case, become the earnings and profits of the transferee. The assets of the transferor corporations at their book basis already reflect the earnings of those corporations. If both the assets and the earnings of the transferors go into equity invested capital of the transferee corporation, there is a duplication equivalent to the amount of the earnings and profits of the transferor corporations taken over by the transferee. Such a duplication must be eliminated. Sec. 718 (b) (3). The duplication continues even though the transferee corporation loses the earnings of the transferor corporations. Because of the duplication above described, the loss

of earnings works a double reduction of what makes up equity invested capital. Not only do the earnings disappear, but the asset account is correspondingly reduced. In other words, the transferee corporation, in the loss of the earnings of the transferor corporation, has lost a corresponding amount of the assets paid in for its stock which supported those earnings in the example above, so there is still necessity for an elimination.

HILL, *J.*, agrees with the above.