Kay-Brunner Steel Products, Inc. v. Commissioner.
Kay-Brunner Steel Prods. v. Commissioner
Docket No. 5704.
United States Tax Court
1946 Tax Ct. Memo LEXIS 4; 5 T.C.M. (CCH) 1107; T.C.M. (RIA) 46293; December 30, 1946
*4 Held, the deduction, in computing equity invested capital, of the amount of earnings and profits of another corporation, which previously had been included in the accumulated earnings and profits of petitioner by reason of a tax-free reorganization, is mandatory, irrespective of the fact that because of operating losses in the intervening years petitioner had no accumulated earnings and profits at the beginning of the taxable years. Section 718, Internal Revenue Code; Crossett-Western Company, 4 TC 783, affirmed 155 Fed. (2d) 433, certiorari denied, - U.S. - (October 14, 1946). Forrest L. Eagle, Esq., 650 S. Spring St., Los Angeles, Calif., for the petitioner. A. J. Hurley, Esq. *5 , for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $1,275.86 in the petitioner's income tax for the year 1940 and a deficiency of $18,480.79 in its excess-profits tax for the year 1941. The single issue is whether or not the determination of the petitioner's equity invested capital is based on the original earnings and profits of a transferor corporation acquired by the petitioner in connection with a nontaxable reorganization when such earnings and profits were reduced by operating losses of the petitioner sustained prior to the taxable years, as provided in section 718(b)(3) of the Internal Revenue Code. Findings of Fact The facts were stipulated. They are as follows: The petitioner is a corporation organized November 23, 1929, under the laws of the State of Delaware, with principal office in Alhambra, California. Its corporation income and excess-profits tax returns for the years 1940 and 1941 were filed with the collector of internal revenue for the sixth district of California. The petitioner concedes that the deficiency in income tax for the year 1940 of $1,275.86 *6 was correctly determined and the full amount thereof has been assessed and paid since the filing of the petition herein. The petitioner concedes that the adjustment made by the Commissioner for unallowable depreciation in computing net income for the year 1941 is correct and that the adjustments made for depreciation and recovery of bad debts in computing the excess profits net income for 1941 are correct. The deficiency due to these adjustments has not been assessed or paid. On November 30, 1929, a plan of reorganization was adopted by the petitioner and two other corporations, namely, Kay-Brunner Steel Casting Co. and Kay Steel Wheel Co., whereby the latter two corporations were to be consolidated into the petitioner by conveying all of their net assets, after eliminating certain accounts payable to officers and employees for which the petitioner's capital stock was issued, to the petitioner solely in exchange for the petitioner's stock. The plan of reorganization was consummated in accordance with its terms as of December 31, 1929. The stock of the petitioner, consisting of 54,042 shares of no par value, was received by the stockholders of the two corporations in exchange for *7 all of the stock of the corporations, which were thereupon duly dissolved. The assets received by the petitioner from its transferors upon the exchange, pursuant to the plan of reorganization, were received without recognition of gain or loss under the internal revenue laws and the bases of the assets in the hands of the petitioner were the same as the bases of the assets in the hands of the petitioner's transferors. Kay-Brunner Steel Casting Co. was incorporated in 1922 under the laws of the State of California. At December 31, 1929, its capital stock issued and outstanding amounted to $35,000 and its undistributed earnings and profits amounted to $319,155.72. Kay Steel Wheel Co. was incorporated in 1927 under the laws of the State of California. Its issued and outstanding capital stock at December 31, 1929, amounted to $183,500, of which $120,000 was owned by Kay-Brunner Steel Casting Co. The undistributed earnings and profits of Kay Steel Wheel Co. at December 31, 1929 amounted to $14,186.86. The condensed balance sheets of Kay-Brunner Steel Casting Co. and Kay Steel Wheel Co. at December 31, 1929, were as follows: Kay-Brunner
Steel
Kay Steel
ASSETS
Casting Co.
Wheel Co.
Total
Cash, accounts receivable, inventories, fixed
assets, etc.
$476,214.93
$639,090.54
$1,115,305.47
Capital stock of Kay Steel Wheel Co.
120,000.00
eliminate
TOTAL ASSETS
$596,214.93
$639,090.54
$1,115,305.47
LIABILITIES
Accounts and notes payable, etc.
$215,830.57
$413,204.53
$ 629,035.10
Due officers and employees
26,228.64
28,199.15
54,427.79
Capital stock issued: Inter-company
120,000.00
eliminate
Other
35,000.00
63,500.00
98,500.00
Earned surplus
319,155.72
14,186.86
333,342.58
TOTAL LIABILITIES
$596,214.93
$639,090.54
$1,115,305.47
*8 The condensed balance sheet of the petitioner at December 31, 1929, after acquiring the net assets of Kay-Brunner Steel Casting Co. and Kay Steel Wheel Co., was as follows: Kay-Brunner Steel Products, Inc.
ASSETS
Assets acquired from Kay-Brunner
SteelCasting Co. and Kay Steel
Wheel Co.
$1,115,305.47
Appreciation of land
15,840.00
$1,131,145.47
LIABILITIES
Accounts and notes payable, etc.
$ 629,035.10
Due officers and employees,
$54,427.79 less $51,780.00 for which
petitioner's capital stock was
issued
2,647.79
Capital stock issued: 54,042 shares, no par
$488,040.00
Capital surplus
11,422.58
Earned surplus
0
$1,131,145.47
The net unadjusted basis for determining loss upon sale or exchange of the assets transferred to the petitioner on December 31, 1929, in exchange for stock of the petitioner, after deducting liabilities assumed by the petitioner, with the exception of $51,780 due officers and employees for which the petitioner's capital stock was issued, was $483,622.58. This amount was reflected in the petitioner's balance sheet at December 31, 1929, as follows: Assets acquired from Kay-Brunner Steel Casting Co. and Kay
Steel Wheel Co.
$1,115,305.47
Less liabilities assumed: Accounts and notes payable, etc.
$629,035.10
Due officers and employees
2,647.79
631,682.89
$ 483,622.58
*9 The petitioner's operations resulted in net operating losses from January 1, 1930 to December 31, 1939, amounting to $218,907.08. For the year 1940 the petitioner's accumulated earnings and profits amounted to $38,155.24 and, after deducting this net profit, net operating losses from January 1, 1930 to December 31, 1940, amounted to $180,751.84. The petitioner has computed its average equity invested capital for the years 1940 and 1941 as follows: Money paid in for capital stock (between January 1, 1930 and December 1, 1937)
$ 85,683.00
Property paid in for capital stock (being the net assets received December 31,
1929 from Kay-Brunner Steel Casting Co. and Kay Steel Wheel Co.)
483,622.58
Accumulated earnings and profits
Net operating losses of $218,907.08 to December 31, 1939 and $180,751.84 to
December 31, 1940 not deducted
Total Average Equity Invested Capital as computed by petitioner for
1940 and 1941
$569,305.58
The Commissioner computed the average equity invested capital of the petitioner for the years 1940 and 1941 as follows: Money paid in for capital stock
$ 85,683.00
Property paid in for capital stock
483,622.58
Accumulated earnings and profits at beginning of taxable year: Accumulated earnings and profits of Kay-Brunner Steel Cast-
ing Co. and Kay Steel Wheel Co.
$333,342.58
Less petitioner's net operating losses to December 31, 1939
218,907.08
114,435.50
$683,741.08
Less earnings and profits of Kay-Brunner Steel Casting Co. and Kay Steel
Wheel Co. required to be deducted by section 718(b)(3)
333,342.58
Average Equity Invested Capital as computed by Commissioner for 1940
$350,398.50
Add accumulated earnings and profits for the year 1940
38,155.24
Average Equity Invested Capital as computed by Commissioner for 1941
$388,553.74
*10 Opinion VAN FOSSAN, Judge: The issue before us is precisely the same as that presented in Crossett-Western Company, 4 T.C. 783, affirmed 155 Fed. (2d) 433, certiorari denied, - U.S. - (October 14, 1946). In that case we held that under the provisions of section 718 of the Internal Revenue Code and its appropriate sub-sections [1] the deduction of the amount of earnings and profits of another corporation, which previously at any time were included in the accumulated earnings and profits of a corporation by reason of a tax-free reorganization, is mandatory, irrespective of the fact that because of operating losses in the intervening years the taxpayer had no accumulated earnings and profits at the beginning of the taxable years. The Circuit Court of Appeals for the Third Circuit affirmed our decision and the Supreme Court denied certiorari. *11 At the hearing respondent's counsel stated that he relied on Crossett-Western Company, supra, as being squarely in point and, therefore, controlling. Petitioner's counsel stated that he believed "there is some difference between the two cases which will be brought out upon the briefs." Petitioner's brief made no reference to the cited case, thus creating a clear inference that the two cases are indistinguishable. Upon the authority of Crossett-Western Company, supra, the action of the respondent is approved. Decision will be entered for the respondent. Footnotes
1. SEC. 718. EQUITY INVESTED CAPITAL. (a) Definition. - The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b) - * * *
(b) Reduction in Equity Invested Capital. - The amount by which the equity invested capital for any day shall be reduced as provided in subsection (a) shall be the sum of the following amounts - * * *
(3) Earnings and Profits of Another Corporation. - The earnings and profits of another corporation which previously at any time were included in accumulated earnings and profits by reason of a transaction described in section 112(b) to (e), both inclusive, or in the corresponding provision of a prior revenue law, or by reason of the transfer by such other corporation to the taxpayer of property the basis of which in the hands of the taxpayer is or was determined with reference to its basis in the hands of such other corporation, or would have been so determined if the property had been other than money; * * *↩