Hardinge Company, Inc. v. Commissioner. Hardinge Company, Inc. and Its Subsidiary Company, Hardinge Manufacturing Company (Formerly Steacy-Schmidt Manufacturing Company) v. Commissioner.
Hardinge Co. v. Commissioner
Docket Nos. 3640, 3641.
United States Tax Court
1947 Tax Ct. Memo LEXIS 331; 6 T.C.M. (CCH) 41; T.C.M. (RIA) 47010; January 22, 1947
*331 Frederick Schwertner, Esq., 1000 Nat'l Press Bldg., Washington, D.C., for the petitioner. Karl W. Windhorst, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined deficiencies in petitioner's income and excess profits tax liability as follows: Docket
No.
Year
Tax
Deficiency
3640
1940
Income
$1,426.92
Excess Profits
1,790.49
3641
1941
Excess Profits
37,578.78
Certain issues raised have been settled by the parties. The remaining questions are, (1) the proper value at which certain patents paid in for petitioner's stock should be included in petitioner's equity invested capital under section 718 (a) (2) of the Internal Revenue Code, and (2) whether petitioner's equity invested capital should include or exclude certain earnings and profits acquired from a transferor corporation. Petitioner's income and excess profits tax return for 1940 and its consolidated corporate excess profits tax return for 1941 were filed with the collector of internal revenue for the first district of Pennsylvania at Philadelphia. The cases have been consolidated and were submitted *332 on exhibits and stipulations of facts. The facts as stipulated are so found. Findings of Fact Petitioner, a New York corporation with its principal offices in York, Pennsylvania, was organized January 5, 1922. Petitioner was organized for the purpose of acquiring all the assets of the Hardinge Conical Mill Company, a New York corporation, and all the assets of Hardinge Company, a Delaware corporation. This purpose was accomplished on January 5, 1922, by a transaction in which petitioner acquired the assets and assumed the liabilities of the two other companies in exchange for its own stock. The assets thus acquired by petitioner in exchange for its own stock included certain patents owned by the Hardinge Conical Mill Company, which patents had been acquired by the Hardinge Conical Mill Company in 1906 from H. W. Hardinge. Immediately after the assets of the transferor corporations were acquired by petitioner, an interest or control in such property of more than 50 per cent remained in the same persons who formerly owned the Hardinge Conical Mill Company. The adjusted value of these patents as of January 5, 1922, based on their March 1, 1913 value was $133,163.19. The adjusted *333 value of these patents as of January 5, 1922, based on their cost to Hardinge Conical Mill Company was $13,822.13. In the same exchange of January 5, 1922, petitioner acquired from the transferor companies a sum of $155,154.59, representing the accumulated earnings and profits of these two companies. During the period from January 5, 1922 to December 31, 1940, inclusive, petitioner had net operating deficits exceeding the sum of $155,154.59. Respondent, in making the deficiency determinations herein, excluded from petitioner's equity invested capital the amount of $155,154.59, representing the accumulated earnings and profits acquired by petitioner in 1922 from the two transferor companies. Respondent also included the patents in petitioner's equity invested capital at a value of $13,822.13 based on cost to Hardinge Conical Mill Company rather than at a value of $133,163.19, based on their March 1, 1913 value as claimed by petitioner. Opinion The controversy with respect to the patent issue is whether the patents should be included in petitioner's equity invested capital at a value based on their March 1, 1913 value, as petitioner contends, or based on their cost to Hardinge *334 Conical Mill Company, as respondent contends. It is agreed that if the March 1, 1913 value constitutes their proper unadjusted basis that then their includible value for equity invested capital purposes is $133,163.19. It is also agreed that if the cost to Hardinge Conical Mill Company constitutes the patents' proper unadjusted basis that then their includible value for equity invested capital purposes is $13,822.13. Section 718 (a) (2), Internal Revenue Code, provides in part that property paid in for stock shall be included in equity invested capital "in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange". Section 113 (a) provides that the unadjusted basis of property for determining gain or loss shall be the cost of such property with certain exceptions. Both parties agree that section 113 (a) (7) applies to the instant case, which section provides that the basis of property acquired in connection with certain reorganizations shall be the same as it would be in the hands of the transferor. Consequently, petitioner's basis for the patents is the same as transferor Hardinge Conical Mill Company's basis and the latter's basis *335 is cost unless the patents come within one of the other exceptions of section 113 (a). Respondent argues that none of the other exceptions apply and that therefore the basis to petitioner is cost to Hardinge Conical Mill Company, or $13,822.13. Petitioner contends that cost to petitioner's transferor is not petitioner's basis because the situation falls under the exceptions provided by section 113 (a) (12), which provides: SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * *
(12) Basis Established by Revenue Act of 1932. - If the property was acquired, after February 28, 1913, in any taxable year beginning prior to January 1, 1934, and the basis thereof for the purposes of the Revenue Act of 1932, 47 Stat. 199, was prescribed by section 113(a) (6), (7), or (9) of such Act, then for the purposes of this chapter the basis shall be the same as the basis therein prescribed in the Revenue Act of 1932. The 1932 Act provides, in section 113 (a) (13), that the basis of property acquired prior to March 1, 1913, should be its fair market value as of March 1, 1913, if *336 such value be greater than its adjusted cost basis. Petitioner argues that it acquired the patents on January 5, 1922, being after February 28, 1913, and prior to January 1, 1934, and that therefore, section 113 (a) (12) applies with the result that the 1932 Act determines the basis. Petitioner then argues that the 1932 Act provides that property acquired prior to March 1, 1913, shall have as its basis its fair market value at such date, if such value is greater than cost. Petitioner argues that since the property was acquired by Hardinge Conical Mill Company in 1906, being prior to March 1, 1913, and since the patents' fair market value on March 1, 1913, exceeded their cost, that therefore, under the 1932 Act, their basis is the March 1, 1913 value. We think petitioner's position is unsound. Petitioner contends that section 113 (a) (12) applies because petitioner acquired the property after February 28, 1913, and before January 1, 1934, but since we are dealing with a substituted basis, the relevant date of acquisition is the date that Hardinge Conical Mill Company, the transferor, acquired the patents, i.e., 1906, and not the date that the petitioner acquired the patents, i. *337 e., 1922. Petitioner's argument necessitates the use of both dates. Petitioner relies on its date of acquisition, 1922, for purposes of invoking section 113 (a) (12) and then for purposes of invoking section 113 (a) (13) of the 1932 Act, relating to property acquired before March 1, 1913, petitioner relies on the date 1906 when Hardinge Conical Mill Company acquired the property. We think it is obvious that since petitioner's basis by virtue of section 113 (a) (7) must be the same as it would be in the hands of the transferor, that the transferor's date of acquisition controls and not that of petitioner. Respondent properly points out that section 113 (a) (14), relating to the basis for property acquired prior to March 1, 1913, for determining gain, is not applicable to the instant situation since section 718 (a) (2) provides that the value of property includible for equity invested capital purposes shall be its basis for determining loss. We hold that petitioner's basis for the patents is their cost to petitioner's transferor and it is agreed by the parties in this event that their includible value for equity invested capital purposes is $13,822.13. Petitioner contests respondent's *338 reduction of petitioner's equity invested capital by the amount of $155,154.59, representing accumulated earnings and profits acquired from the transferor companies. Petitioner, in this connection, offers essentially the same argument as was unsuccessfully made by the taxpayer in Crossett Western Co., 4 T.C. 783, affirmed 155 Fed. (2d) 433, cert. denied 329 U.S. 729, (Oct. 14, 1946). Petitioner here concedes that the Crossett case is parallel to the instant case but urges that we incorrectly decided the Crossett case. Since briefs were filed herein our decision in the Crossett case was affirmed and certiorari has been denied by the Supreme Court. We are satisfied that we correctly decided the Crossett case and that the instant case is controlled thereby. We hold that respondent correctly reduced petitioner's equity invested capital by the agreed amount of the accumulated earnings and profits acquired from the transferor companies under section 718 (b) (3). Concessions by the respective parties hereto as shown in the record in respect of certain assignments of error will be given effect in the computation under Rule 50. Decision will be entered *339 under Rule 50.